IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON TRUST CO. N.A. F/K/A THE BANK OF NEW YORK TRUST CO. N.A. AS SUCCESSOR IN INTEREST TO JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, F/K/A JPMORGAN CHASE BANK, AS SUCCESSOR IN INTEREST TO BANK ONE, NATIONAL ASSOCIATION, AS TRUSTEE FOR ACE SECURITIES CORP. HOME EQUITY LOAN TRUST SERIES 2003-HS1, ASSET BACKED PASS-THROUGH CERTIFICATES,<br><br>*Plaintiff/Counterdefendant*,<br><br>v.<br><br>PERRY M. HENDERSON a/k/a PERRY M. BRYANT, *et al.*,<br><br>*Defendant/Counterplaintiff*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Case No. 14-747 (RJL) |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56(c) and Local Civil Rule 7, Plaintiff/Counterdefendant, The Bank of New York Mellon Trust Co. N.A. f/k/a The Bank of New York Trust Co. N.A. as Successor in Interest to JPMorgan Chase Bank, National Association, f/k/a JPMorgan Chase Bank, as Successor in Interest to Bank One, National Association, as Trustee for Ace Securities Corp Home Equity Loan Trust, Series 2003-HS1, Asset Backed Pass-Through Certificates, moves for the entry of summary judgment in its favor and against Defendant/Counterplaintiff, Perry M. Henderson a/k/a Perry M. Bryant. The reasons in support of the Motion are set forth in full in the accompanying memorandum.

WHEREFORE, Plaintiff/Counterdefendant, The Bank of New York Mellon Trust Co. N.A. f/k/a The Bank of New York Trust Co. N.A. as Successor in Interest to JPMorgan Chase Bank, National Association, f/k/a JPMorgan Chase Bank, as Successor in Interest to Bank One,

National Association, as Trustee for Ace Securities Corp Home Equity Loan Trust, Series 2003-HS1, Asset Backed Pass-Through Certificates, respectfully requests that the Court enter judgment in favor of BONY and against Mr. Henderson on Count I of the Complaint, enter summary judgment in favor of BONY and against Mr. Henderson on his Counterclaims, enter the proposed order and decree of sale, award Plaintiff its attorneys' fees and costs, and award all other just and equitable relief.

Dated:  October 17, 2014                           Respectfully submitted,

**THE BANK OF NEW YORK MELLON TRUST CO. N.A. f/k/a THE BANK OF NEW YORK TRUST CO. N.A. AS SUCCESSOR IN INTEREST TO JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, f/k/a JPMORGAN CHASE BANK, AS SUCCESSOR IN INTEREST TO BANK ONE, NATIONAL ASSOCIATION, AS TRUSTEE FOR ACE SECURITIES CORP HOME EQUITY LOAN TRUST, SERIES 2003-HS1, ASSET BACKED PASS-THROUGH CERTIFICATES**

By: /s/ S. Mohsin Reza
S. Mohsin Reza, Esq.
DC Bar No. 985270
Troutman Sanders LLP
1850 Towers Crescent Plaza, Suite 500
Tysons Corner, VA 22182
Tel: 703-734-4334
Fax: 703-448-6510
Email:  mohsin.reza@troutmansanders.com

Mark Wittstadt, Esq. No. 497735
Gerard Wm. Wittstadt, Jr., Esq. No. 497127
Patrick R. Jules Esq. No. 1011142
David Chen Esq. No. 1000517
Catherine J. Malycke, Esq. No. 1012867
Morris | Hardwick | Schneider, LLC
9409 Philadelphia Road

Baltimore, MD 21237
pjules@closingsource.net

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 17th day of October, 2014, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

OLIVER W. McDANIEL, ESQ.
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2508 / (202) 252-2599 (Facsimile)
oliver.mcdaniel@usdoj.gov

    I certify that on this 17th day of October, 2014, I served the foregoing via overnight mail, to the following:

Perry M. Henderson
2223 R Street SE
Washington, DC 20020
Tel: (443) 801-1182
*Defendant Pro Se*

/s/ S. Mohsin Reza
S. Mohsin Reza, Esq.
DC Bar No. 985270
Troutman Sanders LLP
1850 Towers Crescent Plaza, Suite 500
Tysons Corner, VA 22182
Tel: 703-734-4334
Fax: 703-448-6510
mohsin.reza@troutmansanders.com
*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **THE BANK OF NEW YORK MELLON TRUST CO. N.A. F/K/A THE BANK OF NEW YORK TRUST CO. N.A. AS SUCCESSOR IN INTEREST TO JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, F/K/A JPMORGAN CHASE BANK, AS SUCCESSOR IN INTEREST TO BANK ONE, NATIONAL ASSOCIATION, AS TRUSTEE FOR ACE SECURITIES CORP. HOME EQUITY LOAN TRUST SERIES 2003-HS1, ASSET BACKED PASS-THROUGH CERTIFICATES,** )))))))))))) | |
| *Plaintiff/Counterdefendant*, )) | |
| *v*. ) | **Civil Case No. 14-747 (RJL)** |
| ) | |
| **PERRY M. HENDERSON a/k/a** ) **PERRY M. BRYANT,** *et al.*, )) | |
| *Defendant/Counterplaintiff.* ) | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Plaintiff/Counterdefendant, The Bank of New York Mellon Trust Co. N.A. f/k/a The Bank of New York Trust Co. N.A. as Successor in Interest to JPMorgan Chase Bank, National Association, f/k/a JPMorgan Chase Bank, as Successor in Interest to Bank One, National Association, as Trustee for Ace Securities Corp Home Equity Loan Trust, Series 2003-HS1, Asset Backed Pass-Through Certificates ("BONY"), by counsel, submits this memorandum of law in support of its Motion for Summary Judgment.

**INTRODUCTION**

Summary judgment should be awarded in favor of BONY and against Defendant, Perry M. Henderson. There is no material issue of fact remaining to be resolved, and BONY is entitled to judgment as a matter of law. Mr. Henderson defaulted on his Loan and failed to cure. Under

District of Columbia law, BONY, as the party secured by the Deed of Trust, is entitled to foreclose on the real property used to secure the loan.  Therefore, summary judgment should be entered on Count I of the Complaint for Judicial Foreclosure ("Complaint"), BONY's claim for Judicial Foreclosure.  Also, for the reasons explained in detail below, Mr. Henderson's counterclaims should be dismissed as a matter of law.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Moreover, summary judgment is properly granted against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255. A nonmoving party, however, must establish more than "[t]he mere existence of a scintilla of evidence" in support of its position. *Id.* at 252. In addition, the nonmoving party may not rely solely on allegations or conclusory statements. *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999).  Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor. *Id.* If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

2

## STATEMENT OF MATERIAL FACTS

Pursuant to Local Civ. R. 7(h), BONY states as follows as its statement of material facts as to which there is no genuine issue:

1. Bryant is the record owner of certain real property located at 2223 R. Street, SE, Washington, DC 20020 (the "Property"). (Compl. ¶ 1; Compl., Ex. A).[1]

2. On March 18, 2003, Bryant encumbered the Property with a Deed of Trust, which secured the obligations owed on a Balloon Note (the "Note"), which was in the original principal amount of $191,250.00. (Compl. ¶ 6; Compl., Ex. B, C).

3. BONY is the assignee of the rights of under the Note and Deed of Trust and holder of the Note, both of which evidence the home mortgage loan Bryant obtained (the "Loan"). (Compl. ¶¶ 8-9).

4. On March 1, 2012, Bryant defaulted on the Note by failing to make the required payments due and owing under the Note. (Compl. ¶ 4).

5. Bryant failed to cure the default under the Note and Deed of Trust despite being given notice of the default and a demand. (Compl. ¶¶ 11-12).

6. BONY filed its Complaint for Judicial Foreclosure on November 8, 2013. [*See* ECF No. 1-1]. The Complaint contains two causes of action: Count I – Judicial Foreclosure, and Count II – Judicial Sale.[2]

7. As of November 2, 2013, the following amounts were due and owing on the Loan:

---

[1] The Complaint filed by BONY is verified.
[2] Count II was pled in the alternative.

| | | |
|---|---|---:|
| Unpaid Principal Balance: | $ | 226,542.02 |
| Escrow Bal/Adv: | $ | 9,785.64 |
| Accrued Interest: | $ | 10,111.16 |
| Late Charges: | $ | 988.89 |
| Fees and Expenses: | $ | 7,919.50 |
| **Total** | **$** | **255,347.21** |

(Compl. ¶ 13).

8. Department of Defense records indicate that Bryant is not in active military duty. (Compl. ¶ 15; Ex. F).

9. BONY appointed Mark H. Wittstadt and Gerard Wm. Wittstadt, Jr. (the "Wittstadts") as Substitute Trustees under the Deed of Trust through a Deed of Appointment of Substitute Trustees. (Compl. ¶ 16; Ex. G).

## ARGUMENT

### I. BONY IS ENTITLED TO SUMMARY JUDGMENT IN ITS FAVOR ON COUNT I OF THE COMPLAINT.

The Court should award summary judgment in favor of BONY on Count I, BONY's claim for judicial foreclosure. District of Columbia law recognizes a common law cause of action to foreclose a mortgage or deed of Trust. *E.g.*, *Johnson v. Fairfax Village Condo. IV*, 641 A.2d 495 (D.C. 1994) (affirming judgment ordering judicial foreclosure of condominium unit). D.C. Code § 42-816 provides:

> In all cases of application to said court to foreclose any mortgage or deed of trust, the equity court shall have authority, instead of decreeing that the mortgagor be foreclosed and barred from redeeming the mortgaged property, to order and decree that said property be sold and the proceeds be brought into court to be applied to the payment of the debt secured by said mortgage; and if, upon a sale of the whole mortgaged property, the net proceeds shall be insufficient to pay the mortgage debt, the court may enter a decree *in personam* against the mortgagor or other party to the suit who is liable for the payment of the mortgage debt for the residue of said debt remaining unsatisfied after applying to said debt the proceeds of such sale; provided, that the complainant would be entitled to maintain an action at law or suit in equity for said residue; which decree shall have the same effect and be enforced by execution in the same manner as a judgment at law. And in suits to enforce a vendor's lien on real estate for unpaid purchase money similar relief may be given by a decree of sale and a decree *in personam* for the unsatisfied residue of the purchase money due.

D.C. Code § 42-815.02, on the other hand, only applies to a non-judicial foreclosure proceeding under the power of sale clause of a deed of trust, which does not apply here. Furthermore, no mediation or medication certificate is required to award a decree of sale.

As assignee of the Loan and holder of the Note, BONY is entitled to enforce the Deed of Trust. *E.g.*, *Leake v. Prensky*, 798 F. Supp. 2d 254, 257 (D.D.C. 2011) ("A person becomes the holder of an instrument when it is negotiated to them, with negotiation defined as "'a transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder.'") (quoting D.C. Code § 28:3-201). BONY is authorized to enforce the Note and Deed of Trust because Mr. Henderson has breached the terms of his Loan. Under the terms of the Deed of Trust, if a borrower fails to cure a default, then the secured party "at its option may require immediate payment in full of all sums secured by [the Deed of Trust] without further demand and may invoke the power of sale and any other remedies permitted by Applicable law." (Compl., Ex. C ¶ 22). When entering into the Loan, Mr. Henderson obligated himself on a promise to repay the amounts due under the Note and Deed of

5

Trust.  However, Mr. Henderson breached this covenant and failed to pay the amounts due despite BONY's demands.  (Compl. ¶¶ 4, 11-13).  Therefore, BONY is entitled to ask the Substitute Trustees under the Deed of Trust to sell the Property at a public auction as permitted by the Deed of Trust and District of Columbia law.  Summary judgment should thus be granted on Count I of the Complaint in favor of BONY and against Mr. Henderson.

## II.     MR. HENDERSON'S COUNTERCLAIMS SHOULD BE DISMISSED.

Summary judgment should also be entered in favor of BONY on Mr. Henderson's Counterclaims.  There is no genuine issue of material fact that prevents the resolution of Mr. Henderson's Counterclaims.  BONY incorporates the arguments it raised in its pending Motion to Dismiss Defendant's Counterclaims and asserts additional points and authorities in support of dismissal. For all of these reasons, the Counterclaims should be dismissed as a matter of law.

### A.     Mr. Henderson Has No Claim For Injunctive Relief (Count I).

In relying on D.C. Code § 42-815, Mr. Henderson's counterclaim requesting a declaratory and injunctive relief seems to purport that BONY did not follow the proper procedures to foreclose a deed of trust in the District.  Mr. Henderson has no claim based on that statute because the Complaint invokes D.C. Code § 42-816.  It is abundantly clear from the plain language of the statute, which is quoted above, that the Court has statutory authority to adjudicate a judicial foreclosure upon application. Mr. Henderson, on the other hand, has offered no authority and no argument which would allow this Court to nullify the plain language of D.C. Code §42-816.  D.C. Code § 42-816 allows BONY to choose to pursue the remedy of foreclosure via a judicial process, as opposed to the non-judicial notice process in D.C. Code § 42-815. Indeed, this Court has recognized the power in other cases.  *E.g.*, *CitiMortgage, Inc. v.*

*Harris, et al.*, Case No. 1:14cv814-ESH (D.D.C.). D.C. Code § 42-815 is simply not applicable unless the holder of the note invokes the power of sale clause in a non-judicial context.

There is nothing procedurally improper about this action and nothing runs afoul of the D.C. Code. Plaintiff in this action filed a Complaint stating the amount of the debt and the reasons why it should be foreclosed. It has served the Defendant with process and Defendant clearly has an opportunity to be heard by the Court precisely as the Committee intended, Plaintiff has fully abided by the intent of the Committee with respect to a judicial foreclosure. The contention that a mediation certificate is some kind of prerequisite to a judicial foreclosure is utterly unfounded in the law and, moreover, mediation is certainly available through the Court at any time for any litigant. The ready availability of mediation in the Court only emphasizes the point that Defendants have more rights and more remedies in the Court than they do in a non-judicial context.

### B.  Mr. Henderson Has No Claims For "Illegal Consumer Collection" (Counts II & III).

Counts II and III of Mr. Henderson's counterclaims purport to assert claims of unfair and deceptive practices and improper collection of a debt. Neither claim can survive.

"'The FDCPA is a consumer protection statute that prohibits certain abusive, deceptive, and unfair debt collection practices,' and it 'authorizes any aggrieved person to recover damages from any debt collector who fails to comply with any provision of the FDCPA.'" *Hardy v. Northern Leasing Sys.*, 953 F. Supp. 2d 150, 159 (D.D.C. 2013) (citation omitted). A "debt collector" is any person in any business "the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Mr. Henderson has not alleged that BONY is a "debt collector" within the meaning of the FDCPA. In fact, BONY is acting in its

7

own name to collect its own debt. Thus is not a debt collector and cannot be held liable. *See, e.g.*, *Dubois v. Washington Mut. Bank*, No. 09-cv-2176, 2010 U.S. Dist. LEXIS 91855 (D.D.C. Sept. 3, 2010 (finding creditor was not a "debt collector" where it acquired the mortgage when it was not in default).

The FDCPA claims also fail on the lack of specificity of the claim. Mr. Henderson has alleged that BONY violated the FDCPA by attempting and threatening to collect and enforce this consumer mortgage debt by this foreclosure action without the right to pursue a foreclosure based on a lack of standing. Mr. Henderson failed to show that there were any violations by BONY relating to a right to collect or that BONY misrepresented any particular material fact or that BONY failed to state a specific material fact. BONY is the holder of the Note and the party to whom the debt is owed. This is evidenced by, among other things, the allonge attached to the Note and the assignment recorded in the Official Records of the District of Columbia. (Compl., Ex. C & D). Mr. Henderson's arguments that BONY has no authority to enforce the Note or Deed of Trust are not tenable. Moreover, there has been no deception by BONY to collect the amounts owed on the Note. Mr. Henderson was provided with a demand letter stating the amount owed to cure the default and to whom such payment could be remitted. No specific element of the letter is identified as false or misleading.

   **C. Mr. Henderson Has No Claim For Quiet Title (Count IV).**

Mr. Henderson cannot assert a claim for Quiet Title. "Successful quiet title actions require a plaintiff to establish that she has superior title to the property." *Jessup v. Progressive Funding*, No. 13cv248, 2014 U.S. Dist. LEXIS 41681, at *26 (D.D.C. Mar. 28, 2014). This Mr. Henderson cannot do. Mr. Henderson admitted to the validity of a Deed of Trust, and that the Note is in default. Though Mr. Henderson is the record owner of the property, his ownership is not free and clear. Rather, the Deed of Trust encumbers the Property until Mr. Henderson pays

8

off the Loan and obtains a release. Because neither of these things have happened, Mr. Henderson's allegations of quiet title fail.

### D. Mr. Henderson Has No Claim Under the FCRA (Count V).

Plaintiff has no claim for a violation of the FCRA against BONY. The FCRA, enacted in 1970, created a regulatory framework governing consumer credit reporting. That framework "was crafted to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010) (quotation marks omitted). Under FCRA, consumer reporting agencies collect consumer credit data from "furnishers," such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness.

BONY is a lender and is not a consumer reporting agency for purposes of liability under 15 U.S.C. § 1681e(b). *See id.* § 1681a(f). Section 1681s-2 of FRCA deals with information furnished to consumer reporting agencies. There is no private right of action for violations of 15 U.S.C. § 1681s-2(a). *E.g.*, *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009). Mr. Henderson has not identified any investigatory failing and thus cannot plausibly allege a violation of 15 U.S.C. § 1681s-2(b). The claim is completely conclusory and should be dismissed.

### D. Mr. Henderson Has No Claim For Civil Conspiracy (Count VI).

The Court should dismiss Mr. Henderson's Civil Conspiracy claim because it has no merit. "In order to state a claim for conspiracy under District of Columbia law, Busby must allege, '(1) an agreement between two or more persons (2) to participate in an unlawful act, and

9

(3) injury caused by an unlawful overt act performed by one of the parties to the agreement, and in furtherance of the common scheme.'" *Busby v. Capital One, N.A.*, 932 F. Supp. 2d 114, 141 (D.D.C. 2013). "[E]ven if [Mr. Henderson] had sufficiently pled the underlying unlawful act . . . - which he has not – [Mr. Henderson] has failed entirely to allege facts supporting an agreement between two parties." *Id.* "[C]onclusory allegations of an agreement do not suffice; parties must allege facts showing the existence or establishment of an agreement." *Id.* There is nothing in the Counterclaims or in the record to support any claim for civil conspiracy. Therefore, the claim should be dismissed.

Also, BONY's claims arise out of a contracts, the Note and Deed of Trust. D.C. law provides that "[w]here the basis of a complaint is, as here, a breach of contract, punitive damages will not lie, even if it is proved that the breach was willful, wanton, or malicious." *See Sere v. Grp. Hospitalization, Inc.,* 443 A.2d 33, 37 (D.C. 1982) (citation omitted). Under District of Columbia law, "a claim in tort must exist in its own right independent of the contract, and any duty upon which the tort is based must flow from considerations other than the contractual relationship. *See EDCare Management, Inc. v. DeLisi,* 50 A.3d 448, 452 (D.C. 2012) (citing *Choharis v. State Farm Fire & Cas. Co.,* 961 A.2d 1080, 1089 (D.C. 2008)); *Aguilar v. RP MRP Wash. Harbour, LLC*, No. 13cv329, 2014 D.C. App. LEXIS 370 (D.C. Sept. 4, 2014) (recognizing the economic loss doctrine in the District of Columbia). Nothing asserted or evidenced in the record establishes a violation of a duty by BONY that is not rooted in contract. Count VI should be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff/Counterdefendant, The Bank of New York Mellon Trust Co. N.A. f/k/a The Bank of New York Trust Co. N.A. as Successor in Interest to JPMorgan

Chase Bank, National Association, f/k/a JPMorgan Chase Bank, as Successor in Interest to Bank One, National Association, as Trustee for Ace Securities Corp Home Equity Loan Trust, Series 2003-HS1, Asset Backed Pass-Through Certificates, respectfully requests that the Court enter judgment in favor of BONY and against Mr. Henderson on Count I of the Complaint, enter summary judgment in favor of BONY and against Mr. Henderson on his Counterclaims, enter the proposed order and decree of sale, award Plaintiff its attorneys' fees and costs, and award all other just and equitable relief.

Dated:  October 17, 2014              Respectfully submitted,

**THE BANK OF NEW YORK MELLON TRUST CO. N.A. f/k/a THE BANK OF NEW YORK TRUST CO. N.A. AS SUCCESSOR IN INTEREST TO JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, f/k/a JPMORGAN CHASE BANK, AS SUCCESSOR IN INTEREST TO BANK ONE, NATIONAL ASSOCIATION, AS TRUSTEE FOR ACE SECURITIES CORP HOME EQUITY LOAN TRUST, SERIES 2003-HS1, ASSET BACKED PASS-THROUGH CERTIFICATES**

By: /s/ S. Mohsin Reza
S. Mohsin Reza, Esq.
DC Bar No. 985270
Troutman Sanders LLP
1850 Towers Crescent Plaza, Suite 500
Tysons Corner, VA 22182
Tel: 703-734-4334
Fax: 703-448-6510
Email:  mohsin.reza@troutmansanders.com

Mark Wittstadt, Esq. No. 497735
Gerard Wm. Wittstadt, Jr., Esq. No. 497127
Patrick R. Jules Esq. No. 1011142
David Chen Esq. No. 1000517
Catherine J. Malycke, Esq. No. 1012867

…

Morris | Hardwick | Schneider, LLC
9409 Philadelphia Road
Baltimore, MD 21237
pjules@closingsource.net

*Counsel for Plaintiff*

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of October, 2014, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

OLIVER W. McDANIEL, ESQ.
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2508 / (202) 252-2599 (Facsimile)
oliver.mcdaniel@usdoj.gov

I certify that on this 17th day of October, 2014, I served the foregoing via overnight mail, to the following:

Perry M. Henderson
2223 R Street SE
Washington, DC 20020
Tel: (443) 801-1182
*Defendant Pro Se*

/s/ S. Mohsin Reza
S. Mohsin Reza, Esq.
DC Bar No. 985270
Troutman Sanders LLP
1850 Towers Crescent Plaza, Suite 500
Tysons Corner, VA 22182
Tel: 703-734-4334
Fax: 703-448-6510
mohsin.reza@troutmansanders.com
*Counsel for Plaintiff*