**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE BANK OF NEW YORK MELLON TRUST CO. N.A. F/K/A THE BANK OF NEW YORK TRUST CO. N.A. AS SUCCESSOR IN INTEREST TO JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, F/K/A JPMORGAN CHASE BANK, AS SUCCESSOR IN INTEREST TO BANK ONE, NATIONAL ASSOCIATION, AS TRUSTEE FOR ACE SECURITIES CORP. HOME EQUITY LOAN TRUST SERIES 2003-HS1, ASSET BACKED PASS-THROUGH CERTIFICATES,<br><br>*Plaintiff/Counterdefendant*,<br><br>v.<br><br>PERRY M. HENDERSON a/k/a PERRY M. BRYANT, *et al.*,<br><br>*Defendant/Counterplaintiff*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Case No. 14-747 (RJL)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Upon consideration of the Motion for Summary Judgment filed by Plaintiff/Counterdefendant and any oppositions thereto, it is hereby

**ORDERED, ADJUDGED AND DECREED**

that the Motion for Summary Judgment is granted;

that judgment be and it hereby is granted in favor of Plaintiff/Counterdefendant and against Defendant/Counterplaintiff Perry M. Henderson as to Count I of the Complaint for Judicial Foreclosure;

that the Counterclaims of Defendant/Counterplaintiff Perry M. Henderson are dismissed with prejudice; and

that foreclosure and sale of the property shall be conducted on the terms and conditions set forth in the Order and Decree of Sale.

Entered this \_\_\_\_ day of October, 2014.

_____
Judge, United States District Court

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **THE BANK OF NEW YORK MELLON TRUST CO. N.A. F/K/A THE BANK OF NEW YORK TRUST CO. N.A. AS SUCCESSOR IN INTEREST TO JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, F/K/A JPMORGAN CHASE BANK, AS SUCCESSOR IN INTEREST TO BANK ONE, NATIONAL ASSOCIATION, AS TRUSTEE FOR ACE SECURITIES CORP. HOME EQUITY LOAN TRUST SERIES 2003-HS1, ASSET BACKED PASS-THROUGH CERTIFICATES,** ) ) ) ) ) ) ) ) ) ) ) ) |
| *Plaintiff/Counterdefendant*, ) |
| ) |
| *v*.    ) | Civil Case No. 14-747 (RJL) |
| ) |
| **PERRY M. HENDERSON a/k/a PERRY M. BRYANT,** *et al.*, ) ) ) |
| *Defendant/Counterplaintiff.* ) |

**ORDER AND DECREE FOR SALE OF REAL PROPERTY**

**UPON CONSIDERATION** of the Motion for Summary Judgment filed by Plaintiff/Counterdefendant and opposition thereto, on, this, _____ day of _____, 20__, in the United States District Court for the District of Columbia, and

**UPON IT APPEARING TO THE COURT THAT** the Defendant/Counterdefendant, Perry M. Henderson ("Defendant") was served, and that summary judgment should be entered in favor of Plaintiff; and the Court

**FINDS** that this action was filed seeking a judicial foreclosure under D.C. Code 42-816, and;

**HOLDS** that Plaintiff is entitled summary judgment in its favor as a matter of law; and it is thereby

**ORDERED,** that Judgment is granted in favor of the Plaintiff as prayed for in the Complaint for Judicial Foreclosure ("Complaint"); and

**FURTHER ORDERED**, that Foreclosure of the Plaintiff's lien shall be conducted on the following terms and conditions:

**DECREE OF SALE**

To the extent Mark H. Wittstadt, Esquire and Gerard Wm. Wittstadt, Esquire have been named as Substitute Trustees as to the property known as 2223 R Street, SE, Washington, DC 20020 (the "Property"), and more specifically described in the Complaint and attached Exhibits prior hereto, the same is ratified and confirmed, or, in the alternative, Mark H. Wittstadt and Gerard Wm. Wittstadt are appointed as Substitute Trustees for purposes of foreclosure. Upon posting a bond in the amount of $25,000.00 into the Court, either of them, acting alone or in concert, may proceed to foreclose upon the Property by public auction in accordance with the Deed of Trust and the following additional terms:

1. In accordance with the contractual provisions in ¶ 22 of the Deed of Trust and the matter of *BFP v. Resolution Trust Corp.,* 511 U.S. 531, 543 (1994), the Trustees shall mail notice of the time, place, and terms of the auction to all junior lienholders, owners of record, and occupants, by certified mail, return receipt requested and by first class mail, no more than 30 days and no less than 10 days, before the auction date.

2. In accordance with the contractual provisions in ¶ 22 of the Deed of Trust, the Trustees shall advertise the time, place and terms of the auction, in a newspaper of general circulation, once a week, for four consecutive weeks leading up to the auction.

3. Consistent with the equitable powers of the Court and the contractual provisions in ¶ 22 of the Deed of Trust, the Trustees may employ an auctioneer for the sale process and incur reasonable costs associated therewith.

4. Consistent with the equitable powers of the Court and the contractual provisions in ¶ 22 of the Deed of Trust, the Trustees can appoint an attorney to appear on behalf of the Trustee to supervise and attend the sale.

5. Consistent with the equitable powers of the Court and the contractual provisions in ¶ 22 of the Deed of Trust, the Trustees may require a purchaser to post a nonrefundable deposit of up to 10% of the price bid in certified funds, may condition the right to bid or acceptance of bids upon a showing of said deposits, and reserves the right to reject any bid made by anyone who does not have the deposit in hand at the auction.

6. Pursuant to D.C. Code § 42-817, the *Philadelphia Newspaper* cases, and *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 132 U.S. 845 (2011), the deposit required to bid at the auction is waived for the noteholder and any of its successors or assigns.

7. Pursuant to D.C. Code § 42-817, the *Philadelphia Newspaper* cases, and *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 132 U.S. 845 (2011), the noteholder may bid up to the amount owed on the Note plus all costs and expenses of sale on credit and may submit a written bid to the Trustee which shall be announced at sale.

8. Based upon the customs and practices in the District of Columbia, the Trustees shall hold any deposit in a non-interest bearing trust account.

9. Consistent with the equitable powers of the Court, the contractual provisions in ¶ 22 of the Deed of Trust, and *Perry v. Virginia Mortgage and Investment Co., Inc.*, 412 A.2d 1194, 1197 (D.C.1980), the Trustees may establish additional terms of sale as may be appropriate in their judgment to promote the best price at the auction so long as the same remain consistent with, and do not alter, the specific terms and conditions of the Deed of Trust and this Decree.

10. Consistent with the equitable powers of the Court and D.C. Code § 42-816, the Trustees may enter into a contract of sale with the highest qualified bidder subject to ratification by the Court, and any memorandum of sale must indicate that the sale is subject to said ratification.

11. If a Third Party is successful at auction the bond shall be increased to the full amount of the purchase price, which shall be posted prior to ratification by this Court.

12. The Trustees shall file a Verified Report of Sale with the Court within thirty (30) days of the auction. The Verified Report of Sale will specify the time, place, terms of the sale, the Purchaser, the purchase amount, and deposit held along with an affidavit and documentation indicating that the Trustees complied with the notice and advertisement requirements set forth above.

13. Consistent with the equitable powers of the Court and unless otherwise ordered at the time of ratification, settlement shall occur by payment of all sums due

under the bid in certified funds to the trustees within sixty (60) days from the entry of an Order ratifying the Sale. If the purchaser fails or refuses to settle within the allotted time frame, the deposit will be forfeited and the Trustees may apply the deposit toward costs, fees or their compensation associated with the initial auction and the resale process. Any remaining amount shall be credited to the underlying debt.

14. Consistent with the equitable powers of the Court and pursuant to the contractual provisions in ¶ 22 of the Deed of Trust, after the purchaser's funds submitted to the Trustees have cleared, the Trustees shall execute and deliver a Trustees' Deed, transferring title to the purchaser. The costs of recording the Deed aforesaid shall be upon the purchaser.

15. Consistent with the equitable powers of the Court and pursuant to the contractual provisions in ¶ 22 of the Deed of Trust, within sixty (60) days of settlement, the Trustees shall file evidence of the settlement including a copy of the Trustee's Deed, a proposed accounting and distribution of funds, and a proposed order ratifying the distribution. A copy of the aforesaid shall be sent to the borrower and all junior lien holders and must inform them that claims or disputes must be filed within fourteen (14) days or the distribution may be ratified without further hearing.

16. Consistent with the equitable powers of the Court, any unclaimed funds due to the junior lienholders, owners, or any other party, may be identified for payment into the Court registry, and, upon payment thereof the Trustees may request a

determination that their duties have been discharged and the case be closed with the bond released.

17. Consistent with the equitable powers of the Court, the Trustees shall be entitled to recover their costs incurred, including reasonable attorney's fees and commissions as authorized by the Deed of Trust for the execution of duties performed in accordance with the foreclosure and this Decree as part of the settlement.

18. The United States reserves the right to object to the sale and/or to exercise its right of redemption. A control date 60 days after the ratification of the sale is to be set for an accounting to be filed and priority of distribution to be discussed.

_____
Judge, United States District Court