# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BANK OF NEW YORK MELLON TRUST CO. N.A. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 14-747 |
| | ) | |
| PERRY M. HENDERSON, et al. | ) | **FILED** |
| | ) | |
| Defendants. | ) | **MAY 2 8 2015** |

## MEMORANDUM OPINION
May 28 2015 [# 25]

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Plaintiff Bank of New York Mellon Trust Co. N.A. f/k/a Bank of New York Trust Co. N.A. ("plaintiff")[1] brings this action against defendant Perry M. Henderson a/k/a Perry M. Bryant ("defendant") and the United States, seeking judicial foreclosure of the defendant's property located in the District of Columbia. *See* Compl. [Dkt. #1-1]. Before this Court are plaintiff's Motion to Dismiss Defendant's Counterclaims [Dkt. #4-1, at 34][2] and Motion for Summary Judgment [Dkt. #25] ("Mot. for Summ J."). For the following reasons, plaintiff's motions are GRANTED.

---

[1] Plaintiff is successor in interest to JPMorgan Chase Bank, National Association f/k/a JPMorgan Chase Bank, successor in interest to Bank One, National Association, as Trustee for Ace Securities Corp. Home Equity Loan Trust Series 2003-HS1, Asset Backed Pass-Through Certificates.

[2] Plaintiff's Motion to Dismiss Defendant's Counterclaims was filed in Superior Court prior to removal of this action.

1

## BACKGROUND

Defendant is the record owner of the Property located at 223 R Street, Southeast, Washington, District of Columbia 20020 (the "Property"). Compl. ¶ 1. On March 18, 2003, defendant encumbered the Property with a Deed of Trust securing a fixed rate balloon note ("Note") in the original principal amount of $191, 250.00. Compl. ¶ 6. Parties dispute whether plaintiff currently holds the Note and Deed of Trust and has the right to foreclose defendant's home. Plaintiff alleges that the original lender, SouthStar Funding, LLC, properly assigned to it the rights under the Note and Deed of Trust on June 13, 2013 and that it is the current holder of the Note and beneficiary of the Deed of Trust. Compl. ¶ 8-9. Defendant contends that the Note and Deed of Trust were not properly assigned. *See generally* Def.'s Resp. to Pl.s' Mot. for Summ. J. [Dkt. # 26] ("Def.'s Resp."). On March 1, 2012, defendant defaulted on the Note by failing to make the required payments and failed to cure the default despite being sent a demand letter stating the total amount needed to cure the default. Compl. ¶¶ 10-12.

On November 8, 2013, plaintiff filed this lawsuit in the Superior Court for the District of Columbia seeking judicial foreclosure, or, in the alternative, judicial sale. In his answer to plaintiff's complaint, defendant asserted six counterclaims against plaintiff, including claims for declaratory and injunctive relief based on plaintiff's failure to follow the proper procedures to foreclose a deed of trust in the District of Columbia, claims for violations of the Fair Debt Collection Practices Act ("FDCPA"), a claim to quiet title, a

claim for violations of the Fair Credit Reporting Act ("FCRA"), and a claim for civil conspiracy. *See* Def.'s Answer [Dkt. #4-1, at 133].[3]  Plaintiff filed a motion to dismiss defendant's counterclaims in Superior Court on April 8, 2014.  While that motion was still pending, the Department of Treasury Internal Revenue Service ("IRS") removed the action to this Court.[4]  *See* Notice of Removal [Dkt. #1].  On October 17, 2014, plaintiff filed a motion for summary judgment on Count I of the complaint that also re-iterated the arguments for why defendant's counterclaims should be dismissed. *See generally* Mot. Summ. J.

## LEGAL STANDARD

### A.    Rule 12(b)(6)

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  The Court "need not accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint.  Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  The Court may consider "any documents either attached to or incorporated in the complaint and matters of which [the

---

[3] Since defendant has failed to apply page or paragraph numbers to his answer, this Court will reference the page numbers assigned in the docket entry caption.

[4] The IRS was initially named as a defendant in this case; however, the United States was substituted as a defendant upon the parties' joint motion. *See* Minute Order, June, 23, 2014.

court] may take judicial notice," *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997), as well as documents appended to a motion to dismiss whose authenticity is not disputed, if they are referred to in the complaint and integral to a claim. *See Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004). Although *pro se* complaints are liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), the basic pleading rules must be met. *See Budik v. Dartmouth-Hitchcok Med. Ctr.*, 937 F. Supp. 2d 5, 11 (D.D.C. 2013).

**B.     Rule 56**

Summary judgment is appropriate when, based on the record, there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Summary judgment is not available, however, when there are factual disputes that may determine the outcome of the case under the governing law or when sufficient evidence exists such that a reasonable juror could return a verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor." *Id.* at 255.

The moving party has the initial burden of demonstrating that there is no genuine issue of material fact to be decided with respect to any essential element of the nonmoving party's claim. *Id.* at 263. Once that burden is met, the nonmoving party must set forth specific facts, supported by affidavits or other competent evidence, showing that

4

there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Importantly though, the Court relies on the facts identified by the parties, does not accept factual assertions that are not supported with citations to the record, and does not scour the record for evidence that will support a party's claims. *See United States ex rel. El-Amin v. George Wash. Univ.*, 533 F. Supp. 2d 12, 19 (D.D.C. 2008).

## ANALYSIS

### A.    Summary Judgment as to Plaintiff's Claim for Judicial Foreclosure

As a threshold matter, defendant alleges that plaintiff is not entitled to foreclose on the Property because it was not properly assigned the rights under the Note and Deed of Trust. *See generally* Def.'s Resp.   Plaintiff contends that it is the assignee of the rights under the Note and Deed of Trust and the holder of the Note.   Compl. ¶¶ 8-9.   The Court, however, does not need to resolve this dispute.   Because defendant has not alleged that he is either a party to, or an intended beneficiary of, the assignment of the Note and Deed of Trust, he does not have standing to attack the assignment.   Although defendant cites three cases from other jurisdictions in support of the proposition that borrowers have standing to challenge void assignments of their loans,[5] those cases represent a minority view, indeed one has since been reversed, and the prevailing rule is that a third party typically lacks standing to challenge an assignment. *See, e.g., Jessup v. Progressive Funding*, 35

---

[5] *See Wells Fargo v. Erobobo*, No. 31648/2009, 2013 N.Y. Misc. LEXIS 1790 (N.Y. Sup. Ct. Apr. 29, 2013) *rev'd*, No. 2013-06986, 2015 N.Y. App. Div. LEXIS 3508 (N.Y. App. Div. Apr. 29, 2015); *Saldivar v. JPMorgan Chase Bank, N.A.*, Adv. No. 12-01010 (Bankr. S.D. Tex. Jun. 5, 2013); *Glaski v. Bank of America, N.A.*, 218 Cal. App. 4th 1079 (Cal. Ct. App. 2013).

F. Supp. 3d 25, 35 (D.D.C. 2014) (finding that plaintiff did not have standing to challenge the validity of any assignment of her mortgage because she did not plead facts showing that she was either a party to, or an intended beneficiary of, the assignment agreement); *Ward v. Sec. Atl. Mortg. Elec. Registration Sys., Inc.*, 858 F. Supp. 2d 561, 568 (E.D.N.C. 2012) (same); *Wolf v. Fed. Nat'l Mortg. Ass'n*, 830 F. Supp. 2d 153, 162 (W.D. Va. 2011) (same), *aff'd*, 512 F. App'x 336 (4th Cir. 2013) (per curiam).  Moreover, finding that defendant lacks standing to attack the assignment makes good sense: the assignment does not affect defendant's rights or obligations at all.  Regardless of whether the Note and Deed of Trust were properly assigned, defendant was still required to make timely payments on his mortgage and, by the plain terms of the Note and Deed of Trust, he is subject to foreclosure upon default.

With defendant's contentions regarding proper assignment put to the side, the Court easily concludes that summary judgment for judicial foreclosure is appropriate.  In the District of Columbia there exists a common law cause of action to foreclose a mortgage or deed of trust.  *See, e.g., Johnson v. Fairfax Village Condo. IV*, 641 A.2d 495 (D.C. 1994) (affirming judgment ordering judicial foreclosure of condominium unit).[6] The central issue in a judicial foreclosure proceeding is whether the mortgagor is in

---

[6] The D.C. Code also contemplates actions for judicial foreclosure. *See* D.C. Code § 42-816 ("In all cases of application to said court to foreclose any mortgage or deed of trust, the equity court shall have authority, instead of decreeing that the mortgagor be foreclosed and barred from redeeming the mortgaged property, to order and decree that said property be sold and the proceeds be brought into court to be applied to the payment of the debt secured by said mortgage…").

default. *See id.* at 506; *Scheibe v. Kennedy*, 25 N.W. 646, 648 (Wis. 1885) (describing

foreclosure as an action which "may be commenced when any condition of the mortgage

is broken by the non-payment of any part of the debt secured thereby, when the same

becomes due and remains unpaid"). In this case, defendant has not challenged the

validity of the original Note and Deed of Trust and has admitted that he is in default.

Def.'s Answer 134. The Deed of Trust makes clear through an acceleration clause that

failure to make installment payments allows for foreclosure on the entire debt. Compl.

Ex. C ¶ 22. Although plaintiff disputes the exact amount owed, Def.'s Answer 134, this

fact is irrelevant. *See Crest/Good Mfg. Co. v. Baumann*, 554 N.Y.S.2d 264, 264 (N.Y.

App. Div. 1990) (finding that where defendant admitted that the mortgage was in default,

the fact that a dispute existed as to the exact amount owed did not preclude summary

judgment directing a foreclosure sale). Because defendant admits that his loan is in

default and, as I discuss in the next section, defendant has failed to raise any cognizable

claims cautioning against foreclosure, the remedy of foreclosure has been clearly

established.

**B.     Defendant's Counterclaims are Dismissed**

      **1.     Claim for Injunctive and Declaratory Relief.** To support its request for

injunctive and declaratory relief, defendant alleges that plaintiff failed to follow the

proper procedures to foreclose a deed of trust in the District of Columbia. Def.'s Answer

143-45. However, neither the pleadings nor the relevant law provide a basis for this

claim. Defendant alleges that plaintiff failed to provide notice of foreclosure prevention

loan servicing as required by the National Housing Act, 12 U.S.C. § 1701 *et seq.*

("NHA"). However, plaintiff met this obligation by providing defendant with the toll-

free telephone number through which he could obtain information on homeownership

counseling in its May 17, 2013 default letter. *See* 12 U.S.C. § 1701x(c)(5); Compl. Ex. E.

Defendant also alleges that plaintiff failed to provide access to mediation as required by

D.C. Code § 42-815. While it is true that Section 42-815 contains a mediation

requirement, this section applies only to *non-judicial foreclosures*. *Rogers v. Advance*

*Bank*, 111 A.3d 25, 29 (D.C. 2015) (holding that the mediation requirement expressed in

§ 42-815 is not applicable to judicial sales). This makes good sense because judicial sales

are "wholly different from non-judicial foreclosures because of the court's involvement in

the process." *Id.* Finally, as I explain in the next section, defendant's claim that plaintiff

failed to comply with the FDCPA is without merit.[7]

    **2.**    **Fair Debt Collection Practices Act.** Defendant's claims under Section

1692e of the FDCPA, which prohibits a "debt collector" from using "any false, deceptive,

or misleading representation or means in connection with the collection of any debt,"

must be dismissed because he has failed to allege any facts showing that the plaintiff is a

"debt collector" as defined by the FDCPA. 15 U.S.C. § 1692e. As plaintiff points out,

---

[7] Defendant also alludes to a violation of the requirements found in the applicable Pooling and
Servicing or trust agreements that govern the deed of trust at issue. However, the defendant fails
to identify or provide the court with the applicable agreement.

the FDCPA protects consumers by prohibiting debt collectors from engaging in certain abusive, deceptive, and unfair debt collection practices. *See Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1171 n.1 (2013). By its terms, the FDCPA applies only to "debt collectors" defined as any person in any business "the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).[8] Defendant has not alleged that plaintiff's principal business purpose is debt collection or that it is attempting to collect a debt due another. *See* Def.'s Answer 145-48. As such, he has not alleged a basis for applying the FDCPA in this case.[9]

    **3.**    **Claim to Quiet Title.** Defendant alleges that he is the owner in fee simple of the Property and that plaintiff's claimed adverse interest in the property is without

---

[8] Some courts have held that a creditor who was assigned a debt when it was already in default is actually a "debt collector" for purposes of the FDCPA, even if it is collecting its own debt. *See, e.g.*, *McKinney v. Cadleway Props., Inc.*, 548 F.3d 496, 500-502 (7th Cir. 2008). Significantly, the FDCPA states that the term "creditor" "does not include any person to the extent that he receives an assignment or transfer of a debt in default *solely for the purpose of facilitating collection of such debt for another.*" 15 U.S.C. § 1692a(4) (emphasis added). As such, this Court is not convinced that simply showing a debt was in default when assigned is sufficient. Rather, the purpose of the assignment is important. In this case, defendant alleges that the debt was in default when assigned but has not alleged that the debt was assigned "solely for the purpose of facilitating the collection of such debt for another."

[9] Moreover, even if the plaintiff could be considered a "debt collector" for purposes of the FDCPA, defendant has failed to allege any specific facts supporting his claim that plaintiff used false or misleading representations or means in attempting to collect its debt. Defendant re-asserts his claims that plaintiff has failed to follow proper foreclosure procedures, an argument without basis as already explained, *see supra* Part B.1. He then alleges that plaintiff attempted to collect fees and charges that it was not authorized to collect. However, the Note and Deed of Trust signed by defendant expressly authorize the Note Holder to charge the relevant types of fees and charges upon default. Compl. Ex. B ¶ 6; Compl. Ex. C ¶ 14.

right. Def.'s Answer 148-49. Accordingly, defendant asks the Court for a declaration quieting title in his favor against plaintiff. To be successful in an action to quiet title, a party must establish that he has superior title to the Property, *Jessup*, 35 F. Supp. 3d at 36, a fact that defendant has failed to plausibly allege. Rather, defendant's allegation that he is the owner in fee simply of the Property is directly contradicted by the Deed of Trust that he signed. By the terms of that deed, defendant "irrevocably grant[ed] and convey[ed] to Trustee, in trust, with power of sale" the Property for the purpose of securing to the Lender the repayment of the Loan and performance of Borrower's covenants and agreements. Compl. Ex. C, at 3. Defendant has not alleged that this conveyance was invalid in the first instance, or that he has satisfied his obligations under the Note and Deed of Trust such that his mortgage is discharged. To the contrary, defendant admits that he has defaulted on his loan, and, therefore, he has forfeited any right to redeem the deed to his property, undercutting any suggestion that he has a superior property interest.

    **4.**    **Fair Credit Reporting Act.** Defendant's claim under the FCRA must be dismissed because there is no private cause of action for the alleged violations. Defendant alleges that plaintiff violated the FCRA by reporting information it knew, or should have known, was inaccurate and by failing to inform defendant in writing about negative information it reported. Def.'s Answer 149-50. As plaintiff rightly points out, it is a "furnisher" and not a "consumer reporting agency" as defined by the FCRA. *See* 15

U.S.C. § 1681a(f).  The actions of furnishers are regulated under Section 1681s-2 of the

FCRA, which, inter alia, prohibits a furnisher from reporting information it knows or has

reason to believe is false, 15 U.S.C. § 1681s-2(a)(1)(A), and requires written notification

to a consumer upon reporting negative information.  15 U.S.C. § 1681s-2(a)(7).

Unfortunately for defendant, the FCRA explicitly states that there is no private right of

action for violations of Section 1681s-2(a).  15 U.S.C. § 1681s-2(c) (the sections creating

civil liability for willful and negligent violations of the FCRA "do not apply to any

violation of …subsection (a) of this section…").

   **5.**  **Claim for Civil Conspiracy.**  Defendant's final counterclaim is for civil

conspiracy. *See* Def.'s Answer 150-51.  In order to state a claim for civil conspiracy

under District of Columbia law, defendant must allege: "(1) an agreement between two or

more persons; (2) to participate in an unlawful act, or in a lawful act in an unlawful

manner; and (3) an injury caused by an unlawful overt act performed by one of the parties

to the agreement (4) pursuant to, and in furtherance of, the common scheme." *Exec.*

*Sandwich Shoppe, Inc. v. Carr Realty Corp.*, 749 A.2d 724, 738 (D.C. 2000) (citing *Griva*

*v. Davison*, 637 A.2d 830, 848 (D.C. 1994)).  However, there is no independent action in

the District of Columbia for civil conspiracy; rather it is a means for establishing

vicarious liability for an underlying tort. *Id.* (citations omitted).  Here, the alleged

underlying tort is fraud.  Therefore, to survive a motion to dismiss, defendant must also

have pled the following essential elements of fraud: (1) a false representation, (2)

11

concerning a material fact, (3) made with knowledge of its falsity, (4) with the intent to
deceive, and (5) upon which reliance is placed. *Acosta Orellana v. CropLife Int'l*, 711 F.
Supp. 2d 81, 96 (D.D.C. 2010) (citation omitted).  In addition, defendant must show that
he suffered some injury as a consequence of his reliance on the misrepresentation.
*Chedick v. Nash*, 151 F.3d 1077, 1081 (D.C. Cir. 1998) (citation omitted).  Moreover,
under the Federal Rules of Civil Procedure an allegation of fraud "must state with
particularity the circumstances constituting [the] fraud." Fed. R. Civ. P. 9(b).  In our
Circuit, this includes pleading with particularity matters such as the "time, place, and
content of the false misrepresentations, the fact misrepresented and what was retained or
given up as a consequence of the fraud." *United States ex rel. Williams v. Martin-Baker
Aircraft Co.*, 389 F.3d 1251, 1256 (D.C. Cir. 2004) (citations omitted).

Defendant simply has not met these pleading standards.  Without any factual
support, defendant concludes that plaintiff, its counsel, and "unknown new investors"
conspired to defraud defendant by filing this action for judicial foreclosure with full
knowledge that they had no legal interest in the debt.  Def.'s Answer 150.  Such a
threadbare, conclusory statement falls well short of the heightened pleading standard for
fraud.  Moreover, defendant offers no facts to support an inference of an agreement
among the alleged conspirators. *See Acosta Orellana*, 711 F. Supp. 2d at 113-14
(allegation of conspiracy requires allegation of an event, conversation, or document
showing that there was an agreement among the alleged conspirators).

## CONCLUSION

Thus, for all of the foregoing reasons, plaintiff's Motion to Dismiss Defendant's

Counterclaims and its Motion for Summary Judgment are GRANTED.  A separate Order

consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge